```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 09-14168-Cv-Moore
                                (07-14081-Cr-Moore)
                         MAGISTRATE JUDGE P. A. WHITE
CHARLES L. HUDSON,          :

       Movant,              :
                                     SUPPLEMENTAL REPORT
v.                          :         MAGISTRATE JUDGE

UNITED STATES OF AMERICA,   :

       Respondent.          :
_____
```

## Introduction

This matter is before the court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for possession with intent to distribute cocaine base, entered following a guilty plea in case no. 07-14081-Cr-Moore.

This Cause has been re-referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 cases in the United States District Court. (Cv-DE#20).

On December 7, 2009, a Report was entered recommending that the movant's motion to vacate be denied on the merits. (Cv-DE#11). In that report, the court addressed the following claims raised by the movant in this collateral proceeding:

> 1.  The District Court erred and counsel was ineffective in failing to object to the movant's classification as a career offender since he is actually innocent of his underlying career criminal enhancement in light of the

1

>   Supreme Court decision in <u>Begay v. United States</u>, __ U.S.
>   __, 128 S.Ct. 1581. (Cv-DE#1:4).
>
>   2.   Title 21 U.S.C. §841 is unconstitutional as applied
>   to the movant because it violates his constitutional
>   rights under the equal protection clause and counsel was
>   ineffective for failing to object thereto. (Cv-DE#1:5;
>   Cv-DE#10:4).

Thereafter, on December 29, 2009, an Order was entered by the District Court Judge adopting the report and denying the movant's motion to vacate. (Cv-DE#12). The movant then filed a motion for relief for lack of service of the report, thus depriving him an opportunity to file objections thereto. (Cv-DE#13). The district court denied the movant's motion for relief, stating that even assuming that it is true that the movant never received a copy of the report, he nonetheless failed to assert any new argument or facts which he would have asserted in his objections. (Cv-DE#14). Thereafter, the movant filed a notice of appeal (Cv-DE#15) and a motion for reconsideration. (Cv-DE#17). On February 16, 2010, the District Court granted the movant's motion for reconsideration and vacated its previous order denying the motion for relief and thus denying as moot the movant's motion for certificate of appealability. (Cv-DE#18). Moreover, the district court vacated the court's order denying the movant's motion to vacate, in essence providing the movant an opportunity in which to file objections thereto. (<u>Id.</u>). Subsequently, on February 26, 2010, the movant filed objections.

The district court has re-referred the matter to the undersigned for the limited purpose of a Supplemental Report and Recommendation in light of the arguments the movant raised in his

objections. (Cv-DE#20). The movant argued for the first time in support of **claim one**, as follows:

> 1. The movant's prior criminal conviction for sale of cocaine (PSI¶40) cannot be used as a qualifying prior conviction for purposes of a career offender enhancement because said conviction was not assessed any criminal history points. (Cv-DE#19:2).
>
> 2. The movant's convictions for sale of cocaine (PSI¶¶38,40) were consolidated and therefore should only be treated as one sentence, thus the movant does not have two qualifying prior convictions to substantiate his enhancement as a career offender.(Cv-DE#19:2-5).
>
> 3. The movant's prior convictions, although separate counts, because they were imposed the same day, should be treated as one prior conviction, pursuant Amendment 709 of the Sentencing Guidelines. (Cv-DE#19:3).

Thereafter on March 10, 2010, the undersigned filed a supplemental order to show cause, ordering the government to file a supplemental response to the order to show cause in this case, addressing the petitioner's claims, as set forth in his initial motion to vacate (Cv-DE#1), with respect to **Claim One** only, and in his objections (Cv-DE#19). The government was further ordered to address all of the movant's claims under Strickland and in the alternative, on the merits pursuant to the recent Supreme Court decision of Begay, supra and its progeny United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), Chambers v. United States, 555 U.S. ___, 129 S.Ct. 687 (2009) and United States v. Harrison, 558 F.3d 1280 (11th Cir. 2009).

3

On March 19, 2010, the government filed its supplemental answer to the movant's motion to vacate wherein it determined the movant's arguments that his two prior convictions for the sale of cocaine do not qualify him as a career offender because they occurred on the same day and he was sentenced to a concurrent term of imprisonment is correct. (Cv-DE#24:3). Moreover, the government finds the movant's argument, that his prior convictions for felony fleeing and eluding, as noted in paragraphs 32 and 36 of the PSI are not crimes of violence for career offender purposes, is also correct. (Id.). Notwithstanding the government's acknowledgment that **Claim One** is meritorious, it nonetheless argues that the movant's claim is procedurally barred.

In its initial answer to the movant's motion to vacate (Cv-DE#9), the government determined that the movant sought relief on the basis of Archer, supra.[1] (Cv-DE#9:7). Archer was decided after the case had been remanded by the United States Supreme Court for reconsideration in light of the Court's decision in Begay, supra.[2]

Here, as in Dodd, the Government has conceded (Cv-DE#9) that the Supreme Court created a new right in Begay. Dodd v. United States, 365 F.3d 1273, 1280-81 (11th Cir. 2004) (While the Supreme Court is the only authority capable of creating a new right, even a district court may determine retroactive applicability.). The newly-created right applicable to the movant in this case changes the manner in which his prior convictions, in particular for felony fleeing and eluding with siren and lights activated, are deemed to be a "crime of violence" under the relevant sentencing guideline. United States Sentencing Guideline, Section 4B1.2 defines "crime of

---

[1] United States v. Archer was decided on June 26, 2008.

[2] Begay v. United States was decided on April 16, 2008.

4

violence" as any crime for which the punishment exceeds one year in prison and either (i) has as an element the "use, attempted use, or threatened use of physical force against the person of another;" or (ii) is "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

As will be recalled, the movant was convicted for possession with intent to distribute 50 grams or more of cocaine base and possession with intent to distribute five grams or more of cocaine base and was sentenced as a criminal career offender based on two prior convictions for felony fleeing and eluding with siren and lights and sale of cocaine. The sentencing guideline for a career offender provides:

> "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1. The definition of "crime of violence" incorporates two separate clauses, the latter of which ("clause (ii)") includes any felony that "is a burglary of a dwelling, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious risk of physical injury to another.</u>" See U.S.S.G. §4B1.2 (emphasis added). The scope of the statutory definition of "violent felony" found in 18 U.S.C. §924(e)(1), which is nearly identical to the "crime of violence" definition in section 4B1.2, was at issue when the United States Supreme Court

decided Begay in April 2008.[3]

In Begay, the Supreme Court held that New Mexico's felony DUI offense fell outside the scope of the ACCA's "violent felony" definition. Begay, 128 S.Ct. at 1584-85, 1588. In Begay, the defendant was convicted of being a felon in possession of a firearm and was sentenced as an armed career criminal under the relevant statute. The Court reasoned that although a DUI involves conduct that could present a serious risk of physical injury to another person, a DUI is too dissimilar from the enumerated examples under §924(e)(2)(B)(ii). Id. at 1584. The type of crime intended to be included as a "violent felony" must be similar "in kind as well as in degree of risk posed" to the crimes of burglary, arson and the other crimes listed. Begay, 128 S.Ct. at 1585. Hence, the Supreme Court concluded that a DUI does not constitute a "violent felony" for purposes of the statute.

In Archer, the Eleventh Circuit re-considered whether a prior conviction for carrying a concealed firearm was a "crime of violence" within the meaning of the Sentencing Guidelines' career offender enhancement. Archer, 531 F.3d at 1347. The Guidelines provide for a career offender enhancement where a defendant has at least two prior felony convictions for either a "crime of violence" or a controlled substance offense. Id. at 1349 (citing, U.S.S.G. §4B1.1(a)). Section 4B1.2 defines a "crime of violence" inter alia, as any felony that "is [a] burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury

---

[3] Because the definition of "violent felony" in the ACCA and "crime of violence" in section 4B1.2(a) are nearly identical, the Eleventh Circuit has recognized that the ACCA cases are "instructive" in analyzing whether a prior conviction is a "crime of violence" as defined by section 4B1.2(a). Archer, 531 F.3d at 1350 n.1, 1351-52 (11th Cir. 2008).

to another." The Eleventh Circuit in Archer noted that Begay was "instructive because of the similar definitions of a 'crime of violence' in the Guidelines and of a 'violence felony" in [the] ACCA." Id. at 1350 n.1. Indeed, the Eleventh Circuit stated that it "has repeatedly read the definition of 'violent felony' under §924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of 'crime of violence' under U.S.S.G. §4B1.2." Archer, supra at 1352.

Like the Begay Court, the Archer Court assumed that carrying a concealed firearm presented a serious risk of injury to another. However, in Archer, the Eleventh Circuit Court concluded that carrying a concealed firearm does not involve the aggressive, violent conduct that is inherent in the enumerated crimes. Id. at 1351. Rather, the Eleventh Circuit found that carrying a concealed firearm "is a passive crime centering around possession, rather than around any overt action" or "purposeful conduct." Id. at 1351 (emphasis in original). The Eleventh Circuit observed that Begay "set forth a new standard to evaluate which crimes constitute 'violent felonies' and 'crimes of violence,' that Begay was "clearly on point," and that it is "thus bound to follow this new rule of law."[4] Id. at 1352. (emphasis added). Accordingly, the Eleventh Circuit held that after Begay, carrying a concealed firearm did not involve a crime of violence within the meaning of the career offender sentencing guidelines. United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).

Moreover, the movant also cites the Eleventh Circuit opinion of Harrison, 2009 WL 395237 (11th Cir. 2009), which changed the

---

[4]In so holding, the Eleventh Circuit noted that a specific intent to conceal a weapon is not an element of the crime and that the lack of required specific intent makes carrying a concealed weapon more similar to a DUI than to the enumerated crimes under the ACCA. Archer, supra.

7

manner in which his prior convictions, in particular for fleeing and eluding with siren and lights activated, Fla. Stat. §316.1935(2), are deemed to be a "crime of violence" under the relevant sentencing guideline. The scope of section 4B1.2(a) was at issue when the Eleventh Circuit Court decided Harrison in February 2009.

In Harrison, the Eleventh Circuit Court held that Florida's felony fleeing or attempting to elude police offense fell outside the scope of the ACCA's "violent felony" definition. Harrison, 558 F.3d 1280. In Harrison, the defendant was convicted of a firearm by a convicted felon and one count of possession of an unregistered short-barrel shotgun and was sentenced as a career offender under the relevant sentencing guidelines. The Court reasoned that defendant's prior conviction for willful fleeing after police vehicle had activated its lights and sirens did not involve the same high level of risk as enumerated crimes of burglary, arson, or extortion, or use of explosives, and though the offense was purposeful, it was not sufficiently violent or aggressive to be similar in kind. Id.:1293-95. The type of crime intended to be included as a "violent felony" must be similar "in kind as well as in degree of risk posed" to the crimes of burglary, arson and the other crimes listed. Id.

Accordingly, the Eleventh Circuit Court concluded that fleeing and eluding pursuant to Fla. Stat. §316.1935(2), which makes it a third degree felony to "willfully flee[] or attempt [] to elude a law enforcement officer in an authorized law enforcement vehicle with siren and lights activated," is not a violent felony under the standard set forth in Begay, at least with respect to defendants who qualify as armed career criminals. See Harrison, 558 F.3d 1280; see also United States v. Lee, 2009 WL 3415706 (11th Cir. 2009). As

8

concluded correctly by the government (Cv-DE#24:3), the movant's prior convictions for felony fleeing and eluding no longer qualify as crimes of violence for purposes of an enhanced sentence as a career offender under U.S.S.G. §4B1.1. In light of Begay, Archer, and Harrison it appears that the movant now only has one prior conviction that qualifies as a crime of violence under the U.S.S.G. §4B1.1 and therefore the enhanced sentence cannot stand.

Although the government argues that the movant's claim is not cognizable in a §2255 motion and thus **claim one** is barred from review, the movant is not without relief. The law is clear that Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. §2255(a); see also, Hill v. United States, 368 U.S. 424, 426-27 (1962). "A sentence is otherwise subject to collateral attack where there is an error constituting a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Jones, 56 F.3d 62 (4th Cir. 1995)(citations omitted).

As to procedural default, the government correctly points out that the movant failed to argue this issue on direct appeal. Furthermore, as the government correctly contends, the movant has failed to show cause and prejudice excusing this default. Thus, the Court agrees with the government's assessment that the movant has procedurally defaulted his challenge to his prior convictions for carrying a concealed firearm in this collateral proceeding under §2255.

The movant, however, is not without a remedy. Contrary to the government's argument, the court agrees with the movant's position that the "actual innocence" doctrine applies within the context of challenging a predicate offense utilized to classify a defendant as a career offender. See United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (concluding, in light of the reasoning of United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994), that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision.")(and other cases cited); see also Haley v. Cockrell, 306 F.3d 257, 265-66 (5th Cir. 2002) (adopting reasoning of Maybeck and Mikalajunas), vacated and remanded on other grounds, Dretke v. Haley, 541 U.S. 386 (2004).[5]

Moreover, while the court acknowledges that the movant by way of his plea agreement, signed on March 1, 2008, agreed he qualified as a career criminal offender, Begay was not decided until after his change of plea hearing (Cr-DE#40), but prior to his sentencing hearing (Cr-DE#42).[6] Notwithstanding the Supreme Court's decision,

---

[5] Although the Supreme Court's grant of certiorari in this case was designed to resolve the conflict among several circuit courts of appeals with regard to the application of the "actual innocence" doctrine within the context of a noncapital sentence, the Court ultimately determined that there was no need to resolve that issue "[b]ecause the District Court failed to consider alternative grounds for relief urged by respondent, grounds that might obviate any need to reach the actual innocence question[.]" Dretke v. Haley, 541 U.S. 386, 388-89 (2004). Thus, the Court vacated the judgment of the Fifth Circuit Court of Appeals and remanded for further proceedings. 541 U.S. at 396.

[6] The movant entered into a written plea agreement with the government on March 1, 2008. (Cr-DE#39). Subsequently, on March 3, 2008, the District Court conducted a change of plea hearing. (Cr-DE#40). After the change of plea hearing, the Supreme Court decided Begay on April 16, 2008. Begay, supra. The Clerk entered judgment on June 10, 2008. (Cr-DE#43). No direct appeal ensued. The judgment of conviction in the underlying criminal case became final at the latest on June 24, 2008, ten days after the entry of judgment (Cr-DE#43), when time expired for filing a notice of appeal. The Eleventh Circuit Court of Appeals thereafter decided Archer on June 26, 2008. Archer, supra. Moreover, the Eleventh Circuit Court decided Harrison on February 19, 2009. The movant filed his motion to vacate on May 21, 2009. (Cv-DE#1). At the latest, the

which resulted in a change of law subsequent to the change of plea, movant's counsel was deficient in failing to file objections to the PSI, move to withdraw the plea agreement or argue at sentencing (See Cr-DE#47) that the movant's prior convictions of fleeing and eluding, used to determine his classification as a career offender, no longer qualified to enhance his sentence. The movant has been able to establish prejudice in that two of his prior qualifying predicate convictions no longer are "crimes of violence" under U.S.S.G. §4B1.1 and absent the enhancement, the movant would have necessarily received a lower sentence.

Under the totality of the circumstances present here, the movant has clearly established that he is entitled to relief under §2255 for numerous reasons, and therefore vacatur of his judgment is warranted and a new sentencing hearing recommended. First, as the government concedes and the court has independently determined, Begay is applicable to this case such that the movant's prior convictions for felony fleeing and eluding no longer qualify as predicate offense for purposes of establishing his applicable guideline range. Second, the movant's motion is timely and not subject to procedural default because of the "actual innocence" doctrine. Third, defense counsel was deficient in failing to argue that in light of Begay, the movant's prior convictions, felony fleeing and eluding, used to determine his classification as a career offender are no longer considered crimes of violence. Finally, the movant, absent the enhancement, as conceded by the Government (Cv-DE#9:12), would have necessarily received a lower sentence, thus entitling him to be resentenced.

---

movant was required to file this motion to vacate within one year from the time the judgement became final, or no later than June 24, 2009. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986).

11

## Conclusion

It is therefore recommended that the motion to vacate be granted, the movant's sentences be vacated, and that he be resentenced consistent with the holding of <u>Begay</u>, <u>Archer</u> and <u>Harrison</u>.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 26th date of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Charles Levern Hudson, <u>Pro Se</u>
      Reg. No. 76008-004
      FCC - Coleman (Medium)
      P.O. Box 1032
      Coleman, FL 33521-1032

      Anne Ruth Schultz, AUSA
      United States Attorney's Office
      99 NE 4 Street
      Miami, FL 33132

      Rinku Tribuiani, AUSA
      United States Attorney's Office
      505 S 2nd Street
      Suite 200
      Fort Pierce, FL 34950